SEDGWICK LLP
ROBERT F. HELFING  Bar No. 90418
robert.helfing@sedgwicklaw.com
HEATHER L. McCLOSKEY  Bar No. 193239
heather.mccloskey@sedgwicklaw.com
XIAOYI YAO  Bar No. 261290
xiaoyi.yao@sedgwicklaw.com
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Plaintiff
CELS ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELS ENTERPRISES, INC., a New York corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>M. LONDON, INC., a New York corporation, MICHAEL BANNOUT, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendant. | CASE NO. CV-12-1537 RGK (PJWx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO M. LONDON, INC.'S MOTION TO VACATE DEFAULT; AND DECLARATION OF ROBERT F. HELFING**<br><br>**DATE:**　　July 23, 2012<br>**TIME:**　　9:00 a.m.<br>**CRTRM:**　　"850" |

　　　Plaintiff Cels Enterprises, Inc. ("Cels") hereby respectfully submits the following memorandum of points and authorities in opposition to the Motion to Vacate Default by defendant M. London, Inc. ("M. London"):

///

///

///

///

///

1

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

INTRODUCTION ................................................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ......................................................................................................... 3

I.  M. LONDON'S MOTION FAILS TO COMPLY WITH LOCAL RULE 7-3, AND MUST THEREFORE BE DENIED. ................................. 3

II. M. LONDON FAILS TO MEET THE GOOD CAUSE STANDARD GOVERNING RELIEF FROM DEFAULT. ........................... 3

    A.  The Good Cause Standard ................................................................ 3

    B.  M. London's Conduct was Culpable. ............................................... 4

    C.  No Extraordinary Circumstances Exist Negating the Culpability. ........................................................................................ 7

    D.  M. London Fails to Show a Meritorious Defense............................. 9

    E.  Delay in Judgment Would Prejudice Plaintiff. ............................... 10

CONCLUSION .................................................................................................... 11

DECLARATION OF ROBERT F. HELFING .................................................... 12

# **TABLE OF AUTHORITIES**

**Page**

Cases

*Alan Neuman Productions, Inc. v. Albright*,
    862 F.2d 1388 (9th Cir. 1988)..................................................................................4

*Cassidy v. Tenorio*,
    856 F.2d 1412 (9th Cir. 1988)..................................................................................4

*Cmty. Dental Servs. v. Tani*,
    282 F.3d 1164 (9th Cir. 2002).............................................................................7, 8

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
    840 F.2d 685 (9th Cir. 1988)....................................................................................4

*Franchise Holdings II, LLC, v. Huntington Restaurants Group, Inc.*,
    375 F.3d 922 (9th Cir. 2004).........................................................................passim

*Gregorian v. Izvestia*,
    871 F.2d 1515 (9th Cir. Cal. 1989) ......................................................................7, 8

*Hammer v. Drago*,
    940 F.2d 524 (9th Cir. 1991)....................................................................................4

*Madsen v. Bumb*,
    419 F.2d 4 (9th Cir. 1969) .......................................................................................9

*SEC v. Gahr*,
    111 Fed. Appx. 890 (9th Cir. 2004).................................................................5, 6, 9

*TCI Group Life Ins. Plan v. Knoebber*,
    244 F.3d 691 (9th Cir. 2001).............................................................................4, 6, 7

Statutes

*California Civil Code* section 1671(b) ...................................................................10

*Federal Rules of Civil Procedure* 55(c) ...................................................................3

Local Rule 7-3 ...........................................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Defendant M. London, Inc. ("M. London") has deliberately, unjustifiably delayed this litigation by first failing to respond to the Complaint and allowing default to be entered against it, and then seeking to vacate default more than two (2) months after the entry of such default. As nothing but M. London's own culpable conduct led to the default, relief from default is simply not warranted. Further, M. London is at all times represented by counsel, and therefore deemed to possess the sophistication and comprehension in dealing with the legal system, not the contrary. Any claim of ignorance of the legal consequence of a default is simply disingenuous, and contradicted by the facts.

To be clear, the default was entered against M. London, not Michael Bannout. Cels' motion for default judgment sought damages against M. London for its breach of contract. Mr. Bannout was not a party to the contract, nor does the Complaint allege breach of contract against Mr. Bannout. The contention that default should be vacated on the ground that the breach of contract claim remains pending against Mr. Bannout is patently meritless.

In addition, the purported affirmative defenses alleged in the Motion rest on nothing but conclusory statements. M. London has failed to present any specific facts to support any such defense to justify relief from default.

Lastly, any delay in judgment would allow M. London to move and hide its assets, thereby prejudicing Cels. M. London had represented to Cels that it had no assets, and therefore allowed default to enter against it. M. London further promised to produce its financial records for Cels to verify those representations. M. London never produced the records promised, and instead has hired a prestigious national firm seeking to set aside the default. Cels can only assume that M. London misrepresented its financial condition to deceive Cels into abandoning the lawsuit against it. Any further delay would allow M. London to

move and hide its assets, rendering a judgment against it futile.

## STATEMENT OF FACTS

On February 23, 2012, Cels filed the Complaint against defendants M. London, Inc. ("M. London") and Michael Bannout (collectively, "Defendants.") (Doc. # 1.) M. London was served on March 15, 2012. (Doc. # 6.) M. London's responsive pleading was due on April 5, 2012.

M. London failed to appear or otherwise file a responsive pleading. On April 16, 2012, Cels notified then counsel for Defendants, Martin Kera, of its intention to request an entry of default against M. London. (Helfing Decl., ¶2.) Mr. Kera responded by indicating that M. London would not respond to the Complaint, and instead was considering filing for bankruptcy. (Helfing Decl., ¶2.) On April 19, 2012, Cels requested entry of M. London's default. Default was entered the next day. (Doc. # 7, 8.)

On May 11, 2012, Mr. Kera called Robert Helfing, counsel for Cels, in which he requested an extension of time for Mr. Bannout to respond to the Complaint. (Helfing Decl., ¶3.) Mr. Kera confirmed that although M. London had not filed for bankruptcy protection, M. London would not respond to the Complaint, and would permit the issuance of a default judgment. (Helfing Decl., ¶3.) Mr. Kera also stated that M. London was willing to allow Cels to review its financial records in order to verify its financial condition. (Helfing Decl., ¶3.) While Mr. Helfing granted Mr. Kera's request for an extension of time, M. London never produced the promised financial documents for Cels' review. (Helfing Decl., ¶¶4-5.)

Instead, on June 8, 2012, one Adam Pines, who identified himself as newly retained local counsel for Defendants, notified Cels that M. London had: 1) reneged on its promise to produce financial records, and 2) retained another firm with the stated intention to move to set aside the default against M. London. (Helfing Decl., ¶5.)

It therefore appears that the former counsel of M. London, Mr. Kera,

misrepresented the financial condition of M. London in order to deceive Cels into abandoning this lawsuit, and that M. London made the offer to produce its financial records in order to buy time while it retained local counsel.

The other defendant, Michael Bannout, had not acted in good faith in his dealings with Cels either. He had set up wasteful obstacles to Cels' service of the Complaint, first by evading personal service, then by directing his counsel not to accept service on his behalf. (Helfing Decl., ¶6.)

## ARGUMENT

### I. M. LONDON'S MOTION FAILS TO COMPLY WITH LOCAL RULE 7-3, AND MUST THEREFORE BE DENIED.

Local Rule 7-3 requires that counsel contemplating filing of a motion must meet and confer with opposing counsel at least ten (10) days before the filing of the motion. *L. R.* 7-3. M. London, however, filed the instant Motion hours after its counsel discussed, for the first time, with Cels' counsel regarding such Motion. In the Motion, M. London expressly conceded its failure to comply with the local rules. (Doc. # 29, fn. 1.) For this reason alone, M. London's Motion to Vacate Default must be denied.

### II. M. LONDON FAILS TO MEET THE GOOD CAUSE STANDARD GOVERNING RELIEF FROM DEFAULT.

#### A. The Good Cause Standard

Under *Federal Rules of Civil Procedure* 55(c), a court may set aside an entry of default upon a showing of "good cause." *Fed. R. Civ. Pro.* 55(c). The "good cause" standard governing the vacation of an entry of default under Rule 55(c) is the same as the "excusable neglect" standard governing the vacation of a default judgment under Rule 60(b). *Franchise Holdings II, LLC, v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). A court is free to deny a motion to set aside a default or default judgment if (1) defendant's culpable conduct led to the default, (2) defendant has no meritorious defense, or (3) plaintiff

3

would be prejudiced if the default or judgment is set aside. *Id.* at 926. The burden of demonstrating the foregoing is borne by defendant seeking to vacate the entry of default. *Id.*

This "tripartite test [for denying motion to vacate default] is disjunctive." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Only one of the three factors need be present to justify denial of a Rule 55(c) motion. See *Franchise Holdings*, supra, 375 F.3d at 926; *Hammer v. Drago*, 940 F.2d 524, 526 (9th Cir. 1991). If defendant fails to show lack of culpable conduct, the court need not consider the remaining factors. See *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Similarly, if defendant fails to show a meritorious defense, "then nothing but pointless delay can result from [setting aside the default]." *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001). Finally, if setting aside default would result in prejudice to the plaintiff, "the interest in finality should prevail." *Id.* Thus, while the defaulting defendant must establish all three factors in its favor, the plaintiff need only prevail on any one factor in order to defeat a motion to vacate default.

### B.   M. London's Conduct was Culpable.

"If a defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable." *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.* ("*HRG*"), *supra*, 375 F.3d 922, 926 (9th Cir. 2004) (internal quotation marks omitted), citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988).

*HRG* is instructive. *HRG* was a breach of contract action where the parties engaged in early settlement negotiations. *Id.* at 924-925. The defendant did not respond to the complaint. *Id.* at 925. Negotiations went south, and default was entered against the defendant. *Id.* The defendant subsequently moved to set aside the default on the ground that it "had an understanding that, so long as negotiations were continuing in good faith, the [] action would not proceed." *Id.*

1   The district court found the defendant's understanding failed negate the
2   culpability of its failure to answer. *Id.* at 926.  It found that "due to the high stakes
3   involved, [defendant]'s failure to seek an extension of time for filing a responsive
4   pleading went to [its] 'culpable conduct.'" *Id.*  The Ninth Circuit agreed.  Given
5   that the defendant "was on notice that [plaintiff] would pursue litigation," the
6   Ninth Circuit found defendant's failure to answer to be culpable. *Id.*

7   Similarly, in *SEC v. Gahr,* 111 Fed. Appx. 890, 891 (9th Cir. 2004)
8   ("*Gahr*"), the Ninth Circuit found that the defendant's failure to answer was
9   culpable given his actual notice of the filing of the action:

10  > The record indicates that *Gahr* knew the SEC had filed a
11  > complaint against him, initially requested an extension,
12  > acknowledged that he was required to file an answer in
13  > district court, and retained an attorney to represent him
14  > on other matters related to the SEC's investigation -- all
15  > evidence of his comprehension and sophistication in
16  > dealing with the American judicial process.  Yet,
17  > inexcusably, *Gahr* failed to file any answer.

18  111 Fed. Appx. 890, 891 (9th Cir. 2004).

19  As in *HRG* and *Gahr*, here M. London's failure to answer was culpable.  It
20  had actual notice of the filing of the action and yet failed to answer.  In fact, before
21  default was entered, Cels specifically notified M. London of its intention to request
22  for entry of default against M. London.  In response, M. London indicated that it
23  would not respond to the Complaint, and instead was considering filing for
24  bankruptcy.  M. London also indicated that it would permit the issuance of a
25  default judgment.  As such, it is plain that M. London's own culpable conduct led
26  to the default.

27  In addition, like the defendant in *HRG* and *Gahr*, M. London is deemed to
28  possess the comprehension and sophistication in dealing with legal system.  M.

5

1 London is alleged to be a sophisticated business entity, as a "well-respected
2 manufacturer, importer and wholesaler of handbags, belts and other accessories"
3 that had been in business for over twenty (20) years. (Doc. # 29, p.5:25-27.)
4 Furthermore, M. London is at all times represented by counsel.

As such, M. London fully appreciated the consequence of failing to answer and did that only because it saw advantages to itself. It had repeatedly represented to Cels that it had no assets, suggesting a judgment against it would be futile, so as to deceive Cels into abandoning the lawsuit against it. Further, in a failed attempt at motion to dismiss Mr. Bannout in a letter sent to the Court, then counsel for M. London expressly represented to the Court that M. London would not to oppose the motion for default judgment. (Doc. # 17.)

M. London's conduct in failing to respond to legal process was therefore "deliberate, willful and in bad faith," as the Ninth Circuit in *TCI Group Life Ins. Plan v. Knoebber, supra,* stated:

> As this summary of our cases shows, we have tended to consider the defaulting party's general familiarity with legal processes or consultation with lawyers at the time of the default as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith. … Absent some explanation …, it is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer ***appreciate the consequences of failing to answer and do so only if they see some advantage to themselves***.

244 F.3d 691, 699 (9th Cir. 2001) (emphasis added).

M. London's failure to answer is therefore culpable. Relief from default must be denied.

6

### C. No Extraordinary Circumstances Exist Negating the Culpability.

To contend that its conduct was not culpable, M. London relies on *TCI Group Life Ins. Plan v. Knoebber ("TCI Group"), supra,* 244 F.3d 691 (9th Cir. 2001), *Gregorian v. Izvestia ("Gregorian")*, 871 F.2d 1515 (9th Cir. Cal. 1989) and *Cmty. Dental Servs. v. Tani ("Tani")*, 282 F.3d 1164 (9th Cir. 2002). None of these cases is apposite. In each of these cases, the court found extraordinary circumstances that negated the culpability.

*TCI Group* involved an unrepresented defendant suffering from mental illness. *TCI Group Life Ins. Plan, supra,* 244 F.3d at 699. The court found:

> [the defendant] had been widowed less than a year before [the] action against her, and was distraught. She was in a psychiatrist's care for her severe depression, and was taking several strong psychoactive medications. For the twenty days during which she should have answered [the] cross-claim, [she] was in the process of selling her home and moving herself and her two small children from California to Florida.

*Id.*

The court found this to be "a case where a party unfamiliar with the legal system defaulted at a time of extreme personal difficulty." *Id.* Based on those extraordinary circumstances, the court concluded that the failure to respond was excusable, stating:

> Applying our established understanding of the . . . culpability prong, we conclude that because of her exigent personal circumstances, especially her mental state, and because of her lack of familiarity with legal matters, [defendant]'s failure to answer was not culpable.

*Id.*

7

In *Tani*, the court granted relief from default judgment where counsel was shown to be grossly negligent:

> [Counsel] was grossly negligent in his handling of [defendant]'s defense and he deliberately deceived defendant about the services he was supposed to be performing. In light of these facts, [the court] hold that defendant has demonstrated "extraordinary circumstances" beyond his control that merit relief from the default judgment.

*Cmty. Dental Servs., supra*, 282 F.3d at 1171.

The default in *Gregorian* was against foreign defendants who did not appear as "their government had instructed them not to appear because of the Soviet government's belief that its instrumentalities are immune from suit for libel claims brought in foreign courts." *Gregorian, supra,* 871 F.2d at 1525. The court found "it is not 'culpable conduct' … for a foreign sovereign to instruct its corporations or other domestic entities to act in conformity with its own notions of immunity until it has received a definitive indication to the contrary from the United States courts." *Id.* As such, the court concluded that the Soviet defendants were not culpable in not appearing to defend the action. *Id.*

M. London's reliance of these cases is misplaced, as none of them bears any resemblance to this case. This case does not concern foreign defendants asserting sovereign immunity, or negligence of counsel, let alone gross negligence. Nor does it involve an unrepresented party experiencing "exigent personal circumstances." Instead, the defaulting party here is a sophisticated business entity who is assisted by counsel seeking to take advantage of the legal system, not the contrary.

In this case, M. London in failing to answer and Michael Bannout in setting up wasteful obstacles to Cels' service of the Complaint have both deliberately

1  manipulated the legal system to their advantages by unjustifiably delaying this
2  litigation against them.  This case is therefore more akin to *HRG* and *Gahr,* where
3  the defaulting party was culpable and relief from default was denied.

### D. M. London Fails to Show a Meritorious Defense.

5  To justify vacating the default or judgment, the defaulting party must present
6  "**specific facts** that would constitute a defense." *Franchise Holdings II, supra,* 375
7  F.3d at 926 (emphasis added).  "A mere general denial without facts to support it is
8  not enough to justify vacating a default or default judgment." *Id.* (quotation and
9  citation omitted).  Nor do "conclusory statements that a dispute existed" suffice.
10 *Id.* s*ee also Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969).*

11 M. London fails to allege specific facts that would constitute a defense.  In
12 the Motion, M. London contends:

>       (1) it was fraudulently induced to enter into the License
>       Agreement, (2) Plaintiff committed a material breach of
>       the License Agreement (which would eliminate the
>       requirement that M. London pay the license fees
>       provided in the Agreement), (3) the Agreement's
>       liquidated damages provision (under which Plaintiff now
>       seeks a judgment of almost $1 million) is invalid because
>       it is a penalty, and not a reasonable estimate of Plaintiff's
>       actual damages in the event of a breach,3 and (4) Plaintiff
>       agreed to terminate the contract as of December 31,
>       2011.

24 (Doc. # 29, pp. 10:25-11:3.)  Those are mere conclusory statements that fail to
25 constitute a defense.  M. London fails to allege any facts that show fraud by Cels.
26 In contending that Cels committed a material breach of the License Agreement,
27 M. London fails to even point out what provision of the agreement was breached
28 by Cels, as there is none.

1       Likewise, in contending the liquidated damages provision to be invalid, M.
2  London relies on *California Civil Code* section 1671, subdivision (b), which
3  plainly provides: "[A] provision in a contract liquidating the damages for the
4  breach of the **contract is valid unless the party seeking to invalidate the**
5  **provision establishes that the provision was unreasonable under the**
6  **circumstances** existing at the time the contract was made." (emphasis added).
7  M. London, however, fails to allege any facts that show that the provision was
8  unreasonable under the circumstances at the time the contract was made.
9       M. London also purports that Cels agreed to terminate the contract as of
10 December 31, 2011.  This is flatly contradicted by the facts.  On December 16,
11 2011, Cels, through counsel, notified M. London of its breaches of the contract,
12 requesting M. London to cure those breaches within 20 days of the receipt of the
13 notice as required by the contract. (Amended Complaint, ¶15, and Exhibit "E.")  It
14 was M. London's failure to cure that led to the termination of the contract, which
15 in turn triggered liquidated damages provided under the contract.
16      In sum, M. London has failed to allege specific facts that constitute a
17 defense.  For this reason alone, relief from default must be denied.

**E.     Delay in Judgment Would Prejudice Plaintiff.**

19      Where any delay in judgment would allow defendant to move and hide
20 assets, "there certainly is the possibility that setting aside the default judgment
21 would prejudice [plaintiff]." *Franchise Holdings II, supra,* 375 F.3d at 926.  Here,
22 M. London had represented that it had no assets, and therefore allowed default to
23 enter against it.  M. London further promised to produce its financial records for
24 Cels to verify its financial condition.  M. London has now reneged on that promise.
25      Instead, M. London has hired a prestigious national firm seeking to set aside
26 the default.  Cels can only assume that M. London misrepresented its financial
27 condition to deceive Cels into abandoning the lawsuit against it.  Any further delay
28 would allow M. London to move and hide its assets, rendering a judgment against

it futile, prejudicing Cels. On this ground alone, the Motion to Vacate Default must be denied.

## CONCLUSION

For the foregoing reasons, Cels respectfully requests that the Court deny M. London's Motion to Vacate Default.

Dated: July 2, 2012           SEDGWICK LLP


By: */s/Xiaoyi Yao*
    Robert F. Helfing
    Heather L. McCloskey
    Xiaoyi Yao
    Attorneys for Plaintiff
    CELS ENTERPRISES, INC.

## DECLARATION OF ROBERT F. HELFING

I, Robert F. Helfing, declare:

1. I am an attorney at law duly licensed to practice before this Court and am an attorney with the law firm of Sedgwick LLP, counsel of record herein for Plaintiff Cels Enterprises, Inc. Unless otherwise stated, I have first hand personal knowledge of the facts set forth herein and if called as a witness could competently testify thereto.

2. On April 16, 2012, I sent a facsimile to Martin S. Kera, who identified himself as counsel for M. London, notifying of Cels' intention to request the entry of default against M. London. Mr. Kera stated that M. London would not respond to the Complaint, and instead was considering filing for bankruptcy.

3. On May 11, 2012, I received a phone call from Mr. Kera, in which he requested an extension of time for Mr. Bannout to respond to the Complaint. In that phone call, Mr. Kera confirmed that although M. London had not filed for bankruptcy protection, M. London would not respond to the Complaint, and would permit the issuance of a default judgment. Mr. Kera also stated his willingness to allow Cels to review the financial records of M. London to verify his representation about its financial condition.

4. I granted Mr. Kera's request, extending the time for Mr. Bannout to respond to the Complaint to May 31, 2012.

5. M. London has now reneged on its promise to produce financial records.

6. The other defendant, Michael Bannout, had set up wasteful obstacles to Plaintiff's service of the complaint, first by evading personal service, then by directing his counsel, Mr. Kera, not to accept service on his behalf. We finally managed to locate and serve Mr. Bannout on April 25, 2012.

I declare under penalty of perjury under the laws of the United States of

12

1  America that the forgoing is true and correct and that this was executed on the 2nd
2  day of July, 2012, at Los Angeles, California.
3
4                            */s/ Robert F. Helfing*
5                               Robert F. Helfing

CERTIFICATE OF SERVICE
*Cels Enterprises, Inc., v. M. London, Inc., et al.*
**USDC, California, Case No.  CV -12-1537 RGK (PJWx)**

I hereby certify that the following document(s) filed through the ECF systems will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF):

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO M. LONDON, INC.'S MOTION TO VACATE DEFAULT; AND DECLARATION OF ROBERT F. HELFING**

The undersigned hereby certifies that he caused a copy of the foregoing to be served by electronic mail upon the following:

| | |
|---|---|
| MANATT PHELPS & PHILLIPS, LLP<br>ADAM PINES, ESQ.<br>11355 W. OLYMPIC BLVD.<br>LOS ANGELES, CA  90064-1614 | Counsel for Defendants M. London, Inc. and Michael Bannout<br><br>Telephone:   310-312-4000<br>Facsimile:    310-914-5820 |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this 2nd day of July, 2012, at Los Angeles, CA.

           <u>     /s/Yvonne Navarro</u>
             *Yvonne Navarro*