UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01537-RGK (PJWx) | Date | December 21, 2012 |
|---|---|---|---|
| Title | CELS ENTERPRISES, INC. v. M. LONDON, INC. et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| S. Williams, Not Present | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Strike Answer of Defaulting Defendant M. London Inc. (DE 53)

### I. INTRODUCTION & FACTUAL BACKGROUND

On February 23, 2012, Cels Enterprises, Inc. ("Plaintiff") sued M. London, Inc. ("M. London") and its CEO and sole shareholder, Michael Bannout ("Bannout") (collectively, "Defendants"), alleging claims for (1) trademark infringement in violation of 15 U.S.C. § 1114, (2) trademark dilution in violation of 15 U.S.C. § 1125(c), (3) violation of California Business & Professions Code § 17200 *et seq.*, and (4) unfair competition under California common law. Plaintiff also asserted a breach of contract claim against M. London only. The claims arise from a licensing agreement whereby Defendants licensed Plaintiff's trademark in connection with the sale of handbags and other products.

After being timely served, M. London failed to appear or otherwise file a responsive pleading. On March 20, 2012, the Clerk of the Court entered default against M. London. Plaintiff motioned for default judgment against M. London, but the Court denied the motion pending adjudication on Plaintiff's claims against Bannout due to the relationship between Defendants and to avoid inconsistent judgments against them. (DE 30.) Then, M. London filed a motion to vacate the entry of default, however, on July 26, 2012, the Court denied that motion for failure to allege any meritorious defenses. (DE 36.) On June 15, 2012, Plaintiff filed a First Amended Complaint ("FAC"). On October 25, 2012, despite having default entered against it, M. London filed an Answer to the FAC. (DE 49.)

Presently before the Court is Plaintiff's Motion to Strike Defaulting Defendant M. London's Answer to the FAC. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

### II. JUDICIAL STANDARD

Pursuant to Rule 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) functions to avoid expenditures of time and money that arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1993). For a court to grant a motion to strike, "the grounds for the motion must appear either on the

face of the complaint or from matters of which the [c]ourt may take judicial notice." *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (citations omitted).

### III. DISCUSSION

Plaintiff asserts that M. London's Answer to the FAC should be stricken, because the entry of default against M. London precluded it from filing an Answer. Conversely, M. London argues that the FAC, supercedes the initial Complaint upon which the default was based, rendering the default as moot. Accordingly, because the default is moot, M. London argues that it is entitled to file an Answer. M. London's argument is unavailing. The Court **GRANTS** Plaintiff's Motion.

A plaintiff filing an amended complaint is not required to serve it on defendant whose default has been entered for failure to respond to the initial complaint. Fed. R. Civ. P. 5(a)(2). An exception occurs when the amendment makes "new or additional claims for relief" against those defaulting defendant. *Id.*; Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 8-G. "If new or additional claims for relief are sought against the party in default, the amendment 'opens' the default and new service is required under Fed. R. Civ P. 4." *Id.* (citations omitted). Thereafter, the defendant may file a responsive pleading to the amended complaint.

Here, Plaintiff's FAC does not make any new or additional claims for relief against M. London, thus the amendments do not "open" default as M. London alleges.[1] Nor does M. London indicate any portions of the FAC that assert any new claims. Therefore, the default entered against M. London remains in force. The remainder of M. London's reasons have no legal basis or are irrelevant. Thus, M. London's Answer will be stricken.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Strike Defaulting Defendant M. London's Answer to the First Amended Complaint. (DE 49.)

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |

---

[1] The Court notes the FAC's prayer for relief makes the following addition: "5.) On all Claims for Relief, plaintiffs' costs in this action and reasonable attorney's fees and expenses . . . ." (FAC 9.) For this action, the Court does not consider this statement to be a new claim for relief. First, the licensing agreement at issue specifically provides for reasonable attorneys fees in the event of a breach of the agreement. Further, the Lanham Act permits courts to award attorneys fees for trademark claims pursuant to 15 U.S.C. § 1117(a) and Plaintiff's state law claims are congruent to the federal trademark claims. Thus, M. London had fair and adequate notice that it would be potentially liable for attorneys fees and costs for these claims. *D'Angelo v. Potter*, 221 F.R.D. 289, 293 (D. Mass. 2004).